# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6496 | **DATE** | 9/7/2004 |
| **CASE TITLE** | ADELLAR LAYE vs. ALBERTSON'S, INC. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion (13-1) to dismiss parts of plaintiff's complaint is granted. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | SEP 08 2004 | |
| | Notices mailed by judge's staff. | date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 24 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ADELLAR LAYE,

    Plaintiff,

v.

ALBERTSON'S, INC., d/b/a OSCO DRUG STORES

    Defendant.

No. 03 C 6496
Judge James B. Zagel

DOCKETED
SEP 0 8 2004

## MEMORANDUM OPINION AND ORDER

On August 7, 2003, Plaintiff Adellar Laye filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that she was suspended on June 2, 2003 and discharged on June 24, 2003 because of her race, age, disability, religion and in retaliation for filing a previous grievance with the EEOC. After receiving her Right to Sue letter from the EEOC, Laye filed this Complaint on September 12, 2003. This Complaint was not her first. Laye filed a similar complaint on December 9, 2002, which was eventually dismissed with prejudice.

Osco now moves to dismiss parts of Laye's Complaint. A motion to dismiss under Rule 12(b)(6) is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, I must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pleaded facts and allegations as true. *Bontkowski v. First Nat'l Bank*, 998 F.2d 459, 461 (7th Cir. 1993).

Osco argues that Laye's claims of discrimination based on national origin and gender as well as Laye's claims related to denial of merit increases, denial of promotions, and a hostile work environment should be dismissed because they were not raised in her EEOC complaint. It is well settled that a plaintiff cannot bring Title VII, ADEA, or ADA claims in a lawsuit that were not included in her EEOC charge. *Ajayi v. Aramark Bus. Serv.*, 336 F.3d 520, 527 (7th Cir. 2003); *Conley v. Village of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000); *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). In determining whether an EEOC charge encompasses the claims in a complaint, the proper inquiry is whether the claims set forth in the complaint are "like or reasonably related to the allegations of the charge and grow out of such allegations." *Id.* "The claims are not alike or reasonably related unless there is a factual relationship between them. This means that the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*." *Id.* at 501 (emphasis in original).

In her EEOC charge, Laye references only discrimination based on race, religion, retaliation, age, and disability. Thus, all of Laye's claims of discrimination based on national origin and gender must be dismissed.[1] Additionally, Laye's EEOC charge does not allege any adverse employment actions other than her suspension and termination. It does not make any reference to denial of merit increases, denial of promotions, a hostile work environment, or Osco's alleged failure to accommodate Laye's disability or religion. Since these claims are not reasonably related to facts alleged in Laye's EEOC charge, they must be dismissed.

---

[1] Laye also alleges "color" discrimination in her Complaint. I am merging this with her claims of race discrimination.

2

Osco also argues that all of the claims other than those concerning Laye's suspension and discharge are barred by res judicata. Looking at Laye's previously filed complaint, I must agree. Laye's previous complaint asserted claims of race discrimination under Title VII and § 1981 and age discrimination under the Age Discrimination and Employment Act ("ADEA") against Osco. Specifically, Laye claimed that she was denied merit raises and promotions and was subjected to a hostile work environment because of her age and race. In her current Complaint, Laye attempts to assert the same claims concerning denial of merit raises, denial of promotions, and a hostile work environment using the same nucleus of facts on which she based her previous complaint. Since Laye's previous complaint was dismissed with prejudice and, thus, received a final adjudication on the merits, I find that her claims, other than those relating to her suspension and termination, are barred by res judicata and should be dismissed on those grounds as well.

Defendant's Motion to Dismiss is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 7 Sep 2004